# CARTER MEDICINE COMPANY *v.* BARCLAY.

------

TRADEMARKS; EXCLUSIVE USE; FORMER ADJUDICATION.

1. Where, in an application for registration of a trademark, it is stated that the applicant has continuously used the mark for more than ten years, but there is no averment of exclusive use, the application will be deemed to be one for the registration of a technical trademark

2. In the case of a technical trademark, the party first to adopt and use the mark is entitled to registration; while, in the case of a nontechnical mark, the applicant, although the first to adopt and use the mark, is not entitled to registration if an opposer has used it prior to the termination of the ten-year period. (Citing *Worcester Brewing Corp.* v. *Rueter & Co.* 30 App. D. C. 428; *Natural Food Co.* v. *Williams*, 30 App. D. C. 348.)

3. Where there is a material change made in the original application of a trademark, the Commissioner is. justified, under sec. 6 of the trademark act of Congress of February 20th, 1905 (33 Stat. at L. 726, chap. 592, U. S. Comp. Stat. Supp. 1909, p. 1279), in ordering a second publication.

4. Appellees made application for the registration of a trademark, averring continuous use since 1890, but not averring exclusive use. Appellant filed notice of opposition, averring use of its mark since 1876, and similarity in the marks, liable to cause confusion. Appellant failed, however, to file its testimony or to appear at the final hearing, and judgment was rendered by default, reciting that "priority of adoption and use" was awarded to appellees. The application was remanded to the Examiner, who refused to register the mark as a technical trademark. Appellees thereupon filed an amended application, eliminating the objectionable features of their mark, averring exclusive use for ten years previous to the act of 1905, and praying registration under the ten years' clause of that act. Thereupon appellant again filed notice of opposition in substantially the same language as in the first notice, and appellees filed a plea of *res judicata*. *Held* that the judgment on the first opposition was not conclusive of the second opposition, as the first application was for the registration of a technical mark, upon opposition to which the issue was priority of adoption and use, while the amended application was for the registration of a nontechnical mark upon opposition to which the issue was exclusive use during the statutory period.

5. A judgment or decree in a prior case is conclusive in a later case as to questions in issue and decided, and not as to those which might have been decided. (Citing *Horine* v. *Wende*, 29 App. D. C. 415.)

No. 670.   Patent Appeals.   Submitted November 11, 1910.   Decided December 5, 1910.

HEARING on an appeal from a decision of the Commissioner of Patents dismissing an opposition to a petition for the registration of a trademark.                          *Reversed.*

The facts are stated in the opinion.

*Mr. A. P. Greeley* and *Mr. Philip Carpenter* for the appellant.

*Mr. Julian C. Dowell* and *Mr. Osgood H. Dowell* for the appellees.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents, sustaining a plea of *res judicata,* and dismissing the opposition filed by appellant, Carter Medicine Company, to the registration by appellees, Reginald George Barclay and Clara S. Barclay, trading as Barclay & Barclay, of a trademark.

In April, 1906, appellee filed in the Patent Office an application for the registration of a trademark consisting of a rhombic figure having the words "Reuter's Little Pills for the Liver" thereon, and surmounted by the Spanish words "Pildoritas De Reuter Para El Higado," and having certain matter of a descriptive nature at the right. It was averred in the application that the mark had been continuously used since the 1st day of July, 1890; but there was no averment of *exclusive* use. The application therefore was for the registration of a technical mark. The mark was published, and within the statutory period appellant filed its notice of opposition, and subsequently an amended notice of opposition. In the amended notice of opposition, appellant averred that it had continuously used as a trademark "Carter's Little Liver Pills," with accessories as disclosed in an attached label, since 1876. It was further averred that the two marks were so nearly alike as to cause confusion or mistake in the mind of the public, or to deceive purchasers. To this amended notice of opposition the applicants filed a demurrer in which it was alleged, among other things, that the mark of the opposer showed on its face that it was so dissimilar and distinctive from the mark of applicants "that confusion or mistake or deception by use of applicants' trademark would be impossible." This demurrer was overruled by the Examiner of Interferences, who said: "It is con-

sidered that the marks are not sufficiently. dissimilar to decide from an inspection of the same that no confusion would occur. Opportunity should be given to the opposer to take testimony to show whether such confusion has occurred." Thereupon applicants filed an answer to the notice of opposition, and testimony was taken by both parties. The applicants filed their testimony, but the opposer neglected and failed to file its testimony, and failed to appear at the time set for final hearing. Thereupon judgment by default was entered against opposer, the judgment reciting that *"priority of adoption and use* of the trademark in issue is awarded to Barclay & Barclay, the senior party," and that they are entitled to registration. No appeal having been taken by the opposer within the time limit fixed by the judgment, that judgment became final. The application was thereupon remanded to the Primary Examiner, who then refused to register the mark as a technical trademark, stating reasons which are not material here. On appeal, the Commissioner sustained the decision of the examiner. Thereupon applicants filed an amended application, eliminating the objectionable features of their mark, averring exclusive use .for ten years prior to the trademark act of 1905, and praying registration under the ten-year clause of said act. The Commissioner ruled that the change in the application was of such a nature as to necessitate a second publication, which was ac-. cordingly had. Thereupon appellant again filed a notice of opposition in substantially the same language as that employed by it in its first notice of opposition. A plea of *res judicata* was filed by appellees, which was overruled by the Acting Examiner of Interferences, and subsequently sustained by the Examiner of Ineterferences, whose decision was affirmed on appeal. The question here involved is whether that plea was properly sustained.

The original application was for the registration of a technical trademark; the amended application ˅for the registration of a nontechnical mark under the ten-year clause. It was quite possible for an opposition to lie against the amended application, and not against the original. Assuming similarity, the

issue in an opposition under the original application would be priority of adoption and use, while under the amended application the issue would be whether the applicant had been the *exclusive* user of the mark during the statutory period. In one case the party first to adopt and use the mark would be entitled to judgment, while in the other case the applicant, although first to adopt and use the mark, would not be entitled to registration if the opposer had used it prior to the termination of the ten-year period as a trademark or in a descriptive sense in vending its goods. *Worcester Brewing Corp.* v. *Reuter & Co.* 30 App. D. C. 428; *Natural Food Co.* v. *Williams,* 30 App. D. C. 348. The Commissioner, therefore, was entirely justified in ordering a second publication. In so doing he was exercising the discretion apparently given him by sec. 6 of the trademark act, in which it is provided that "the commissioner shall cause the mark to be published at least once in the Official Gazette of the Patent Office." [33 Stat. at L. 726, chap. 592, U. S. Comp. Stat. Supp. 1909, p. 1279.] This provision was probably based upon the assumption that amendments would be made in trademark applications as in applications for patents; and hence that the Commissioner should be clothed with discretion to order a second publication if such publication should be rendered necessary by a material change in the original application.

Without stopping to inquire whether the virtual abandonment of their original application by the appellees after it had been remanded to the Primary Examiner in any way affected the finality of the judgment in the original *inter partes* opposition proceeding as to questions therein litigated, and without intimating any opinion on that question, we proceed to ascertain, by an examination of the record, there being no extrinsic evidence before us, what questions were in issue and determined in that proceeding. An examination of the pleadings and the form of the judgment makes it plain that the first question which confronted the Commissioner was that of similarity. It is equally plain that appellees must have waived their contention that the marks were dissimilar, or that they were unable

to convince the Commissioner of such dissimilarity, for the judgment is based upon the assumption of similarity in the marks. A finding that the marks were dissimilar necessarily would have been followed by a judgment *dismissing* appellant's notice of opposition. In other words, the right of appellant to be heard at all was dependent upon the finding of similarity. The next question passed upon by the Commissioner was that of priority of adoption and use. This question was determined in favor of appellees, and against the appellant. Having taken a judgment in that form, appellees certainly are not here in a position to contend that the question of similarity was determined in their favor. As above pointed out, the record is to the contrary.

A new issue was raised in the second opposition proceeding, and that issue was whether the use of the mark in the amended application which, for the purposes of this case, we may assume to be substantially the same as the mark of the original application, had been exclusive during the statutory period. This issue was not raised in the prior proceeding, and consequently appellant was not called upon in that proceeding to meet it. Appellant's second notice of opposition is sufficiently comprehensive to meet the new issue raised in that proceeding. A judgment or decree in a prior case is conclusive in a latter case as to questions actually in issue and decided, and not as to those which might have been decided. *Horine* v. *Wende,* 28 App. D. C. 415. In the case under consideration, the fact in issue was not put in issue in the prior case, and was not necessary to nor included in the judgment in that case. It follows that the Commissioner erred in sustaining the plea.

The judgment must be reversed, and the clerk will certify this opinion, as by law required.                    *Reversed.*