The GOODYEAR TIRE & RUBBER COMPANY, Plaintiff,

v.

The COMMISSIONER OF PATENTS, Defendant.

Civ. A. No. 2894–64.

United States District Court District of Columbia.

Feb. 23, 1965.

Francis C. Browne, William E. Schuyler, Jr., Browne, Schuyler & Beveridge, Washington, D. C., for plaintiff.

Clarence W. Moore, Sol., Washington, D. C., for defendant.

JACKSON, District Judge.

This is a civil action brought under Title 5, Section 1009 of the Federal Administrative Procedure Act. Plaintiff, Goodyear Tire & Rubber Company, seeks to have the Court enjoin the defendant, Commissioner of Patents, from granting a trademark registration on an application Serial No. 172,441, filed by Weather-Rite Sportswear Co., Inc., for the mark "GOODYEAR DELUXE BY WEATHERITE".

Weather-Rite's application was at first refused by the Patent Office, but then amended, re-examined, passed to issue, and finally published in the Official Gazette on May 12, 1964. Section 12(a) of the Trademark Act of 1946 requires such publication where a mark is found registerable, and Section 13 of the Act creates a right in interested parties to institute proceedings in the Patent Office in opposition to registration of published marks. Plaintiff here neglected through inadvertence to institute such proceedings within the time allotted. The Patent Office, on its own motion, however, later withdrew the mark from issue, refused it registration, and upon re-examination found once again that it was entitled to be registered. The reason for the second re-examination was belated recognition by the Patent Office that the amended statement of goods to be covered was not supported by the specimens originally filed. Upon submission of new specimens, the mark was again passed to issue, but without republication.

The plaintiff in its amended complaint prays that the Patent Office be directed to publish the mark for an additional period as a consequence of the re-examination. In the alternative, plaintiff asks the Court to direct the Patent Office to withhold registration of the mark pending resolution of another opposition proceeding (No. 44,248, involving "GOODYEAR DE LUXE BY IRCO") in the Patent Office involving similar issues, and pending the outcome of litigation in other federal district courts, also involving similar issues. Plaintiff is a party to both the opposition proceeding in the Patent Office and to the litigation in the other federal courts.

On the day before the registration would have been effected by the Patent Office, this Court granted temporary relief restraining the registration pending a hearing on plaintiff's allegations. Defendant has moved to dissolve the restraining order and to dismiss the Complaint. The plaintiff has moved for summary judgment.

Treating the question of republication first, it seems that this is governed by Rule 2.81 of the Trademark Rules of Practice. The Rule reads in part:

> "If, on examination or re-examination of an application for registration of the Principal Register it appears that the applicant is entitled to have his mark registered, the mark will be published in the Official Gazette for opposition."

The meaning of the term "re-examination" as used in Rule 2.81 is indicated by Rule 2.63, as follows:

> "2.63 Re-Examnation. After response by the applicant, the application will be re-examined or reconsidered, * * *."

The plaintiff contends that failure to republish the mark for an additional period deprives it of the right to file opposition proceedings against it, and hence denies plaintiff due process of law. The defendant asserts that one publication is enough to satisfy the rule so long as the mark is not amended upon re-examination in such a way as to invite opposition to the mark in its amended form that would not have been invited by its form when originally published. Carter Medicine Co. v. Barclay, 36 U.S.App.D.C. 123 (1910).

The Court believes the defendant's view of the matter is the sounder. It cannot seriously be argued that inadequacy of specimens would have any significant effect on the decision to oppose the mark by one reading the Official Gazette. If this trademark were republished it would be in the same form as before. The sole effect of republication would be to subject the owner of the mark to a period of exposure twice as great as that normally required, and to do so solely because the Patent Office neglected to make an accurate judgment regarding the specimens at the proper time for so doing.

The plaintiff still has open to it the remedy of having the trademark cancelled by the Patent Officer after it is registered. Plaintiff's burden of proof is no greater in cancellation proceedings than it is in opposition proceedings, so it cannot claim injury in that connection. The Court agrees with defendant that the essential purpose of publication has been accomplished, and agrees also that the purpose of the time limitation for filing oppositions would be frustrated by sanctioning exceptions to it on grounds as tenuous as herein set forth.

Plaintiff's alternative prayers for relief have no legal basis of which the Court is aware. The fact that plaintiff is party to one opposition proceeding in the Patent Office does not make it a party to another. It does not have standing to frustrate issuance of a registration it neglected to oppose, even though it did not neglect to oppose one similar to it. Correspondingly, plaintiff's participation in lawsuits throughout the nation cannot confer upon it status before the Patent Office plaintiff has lost through failure to comply with Patent Office rules.

The Court will dissolve the restraining order and dismiss the Complaint.