**The GOODYEAR TIRE & RUBBER COMPANY, Appellant,**

v.

**The COMMISSIONER OF PATENTS, Appellee.**

**No. 19276.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 15, 1965.

Decided Dec. 29, 1965.

Petition for Rehearing En Banc Denied Feb. 8, 1966.

Mr. Francis C. Browne, Washington, D. C., for appellant. Mr. Richard G. Kline, Washington, D. C., also entered an appearance for appellant.

Mr. George C. Roeming, Atty., U. S. Patent Office, for appellee. Mr. Clarence W. Moore, Sol., United States Patent Office, was on the brief for appellee.

Before PRETTYMAN, Senior Circuit Judge, and BURGER and LEVENTHAL, Circuit Judges.

PER CURIAM.

Weather-Rite Sportswear Company made application for the mark "GOODYEAR DELUXE BY WEATHERITE." In accordance with § 12 of the Trademark Act, 15 U.S.C. § 1062, the mark was duly referred to an examiner, and it appearing on examination that the application was entitled to registration, the mark was published for opposition on May 12, 1964.

Appellant failed to file its opposition within the thirty day period provided in § 13 of the Trademark Act, 15 U.S.C. § 1063. Pursuant to a suggestion from appellant the Patent Office subsequently withdrew the Weather-Rite mark from issue and ordered re-examination of the application. The problem was that the originally submitted specimens had not supported the description in the application of the goods to be covered by the mark. Applicant promptly submitted corrected specimens, the Examiner found the mark entitled to registration, and it

was passed to issue, to be matured into a registration, without republication.

■ Appellant seeks in this action to require the Commissioner of Patents to republish the trademark for purposes of opposition. The District Court correctly held, 238 F.Supp. 509, 511, that a second publication is not required unless the mark has been amended "in such a way as to invite opposition to the mark in its amended form that would not have been invited by its form when originally published."

■ We also agree that the correction of Weather-Rite's specimens was not such a substantial amendment of the application as to require a second publication. Carter Medicine Co. v. Barclay, 36 App.D.C. 123 (1910), is not to the contrary. The court held the Commissioner was · justified in republishing the mark where there had been an amendment of substance to the trademark application.[1] Appellant's ground for opposition to the mark existed at the time of the publication on May 12, 1964, and is not attributable to applicant's correction of specimens. The Patent Office was justified in issuance on reexamination without a second publication and remitting appellant to its remedy, under § 14 of the Act (15 U.S.C. § 1064), for cancellation of the registration.

Affirmed.

1. In *Carter* the court stated (see 36 App.D.C. at 127) that the Commissioner was exercising the discretion given him by the provision of the Trademark Act that "the commissioner shall cause the mark to be published at least once in the Official Gazette of the Patent Office." Act of Feb. 20, 1905, c. 592, § 6, 33 Stat. 726.

The 1905 Act was replaced by the Act of July 5, 1946, c. 540, § 12, 60 Stat. 432. Although the words "at least once" were omitted in the 1946 revision, we do not read this change as a pro-hibition of a second publication, or as a limitation on the Commissioner's discretion under the *Carter* case.

In *Carter* the court pointed out differences between the original application, for registration of a technical trademark, and the amended application, for registration of a non-technical mark, in terms of the necessary showing and available defenses and said (36 App.D.C. at 126): "It was quite possible for an opposition to lie against the amended application, and not against the original."